IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. MURILLO,<br><br>      Petitioner,<br><br>  v.<br><br>KELLY HARRINGTON, Warden,<br><br>      Respondent.<br>_____/ | No. C 09-03346 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket no. 19) |

INTRODUCTION

On July 21, 2009, Petitioner Jose L. Murillo, a state prisoner incarcerated at Kern Valley State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss the petition as untimely under 28 U.S.C § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition, and Respondent filed a reply.

For the reasons set forth below, the Court GRANTS Respondent's motion to dismiss.

BACKGROUND

On March 17, 2006, Petitioner plead guilty to and was convicted of two counts of attempted and three counts of completed second degree robbery as well as one count of reckless driving while fleeing a police officer. He also admitted to personally using a firearm in connection with the robberies and intentionally discharging a firearm in connection with one of the attempted robberies. On December 19, 2006, the state appellate court affirmed Petitioner's conviction.

On January 28, 2008, Petitioner filed a habeas petition in the Santa Clara County Superior Court, claiming ineffective assistance of counsel for failing to display surveillance footage at a preliminary hearing. On March 12, 2008, that court denied the petition without prejudice, requiring that Petitioner present more facts to set forth a prima facie case and recommending that he attach to any future petitions the surveillance video that he believed should have been used at the preliminary hearing. To obtain the surveillance video, Petitioner sent a letter to his trial counsel requesting his case file on March 27, 2008. After more than three months, Petitioner's trial counsel mailed the case file on July 8, 2008.

On November 10, 2008, Petitioner filed a second habeas petition in the state superior court, claiming ineffective assistance of counsel and attaching the surveillance video. On January 14, 2009, the state superior court denied the second petition.

On April 17, 2009, Petitioner filed a habeas corpus petition in the state appellate court. That court denied the petition on April 23, 2009.

Petitioner filed the present federal habeas petition on July 21, 2009. On the same day, Petitioner filed a motion for stay in order to exhaust state court remedies.

In an Order dated October 22, 2009, the Court granted Petitioner's motions, directed him to file quarterly status reports, and instructed the Clerk to administratively close this case until the Court lifted the stay.

On July 22, 2009, Petitioner filed a habeas corpus petition in the state supreme court. That court denied the petition on December 23, 2009.

On January 14, 2010, Petitioner filed a motion to reopen the case and to lift the stay. He also filed a motion to file a supplement to the petition.

In an Order dated February 17, 2010, the Court granted Petitioner's motion to reopen the case and lift the stay. He was also granted leave to file a supplement to the petition. The Court ordered Respondent to show cause why the petition should not be granted.

On July 27, 2010, Respondent filed the present motion to dismiss. On August 30, 2010, Petitioner filed his opposition. On September 14, 2010, Respondent filed his reply.

                                DISCUSSION

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review.

In the present case, the state appellate court affirmed Petitioner's conviction on December 19, 2006. That decision became final thirty days later, on January 18, 2007. See Cal. Rules of Court 8.366(b)(1). Petitioner did not file a petition for review in the California Supreme Court, and his time to seek further direct review expired ten days after the state appellate court's

decision became final.  See Cal. Rules of Court 8.500(e)(1). Therefore, AEDPA's one year statute of limitations began running on January 28, 2007.  28 U.S.C. § 2244(d)(1)(A).

Accordingly, Petitioner was required to file a federal habeas corpus petition no later than January 28, 2008.  28 U.S.C. § 2244(d).  Because he did not file the present petition until July 21, 2009 -- more than a year and a half after the limitations period had expired -- the petition is untimely unless Petitioner can show he is entitled to tolling.

I.  Statutory Tolling

Here, the limitations period had run for 364 days before Petitioner began to pursue collateral relief on January 28, 2008. Petitioner is entitled to statutory tolling while his first round of state court petitions remained pending, which ended when the superior court denied his first petition on March 12, 2008. However, Petitioner is not entitled to statutory tolling during the periods the second superior court petition, the appellate court petition, and the supreme court petition were pending, including the gaps between these petitions, as explained below.

AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  Carey v. Saffold, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the State's original

4

writ system, this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

The Ninth Circuit has held that if a California prisoner's petition to the California Supreme Court is denied without prejudice, with citations to cases requiring petitions to allege with particularity the facts warranting habeas relief and allowing amendment to comply, the prisoner may be entitled to tolling until he returns to the lower courts to correct the deficiencies. See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003). To determine if a prisoner is entitled to tolling between the denial of his first petition and commencement of the second round of petitions, the court should apply a two-part test:

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," and his application is still "pending" for tolling purposes. We thus construe the new petitions as part of the first "full round" of collateral review.

Id. (citations omitted).

Second, the court must determine whether the subsequent petitions "were ultimately denied on the merits or deemed untimely." Id. "In the former event, the time gap between the petitions is tolled; in the latter event it is not." Id. A court order "denying a petition 'on the merits' does not automatically

5

indicate that the petition was timely filed."  Evans v. Chavis, 546 U.S. 189, 197 (2006).

> In the absence of [a] . . . clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.  That is to say, without using a merits determination as an "absolute bellwether" (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time."

Id.

A determination of unreasonable delay is particularly difficult to make in California: "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application . . . comes too late."  Saffold, 536 U.S. at 223.  Evans held, however, that California's appellate system could be treated similarly to those in other states, which measure delays "in terms of a determinate time period, such as 30 or 60 days."  Evans, 546 U.S. at 192.  In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules."  Id. at 200 (citing Saffold, 536 U.S. at 222-23).  Based on the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines, a delay of sixty days would likely be reasonable.  On the other hand, a longer delay of six months would likely be unreasonable: "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court."  Id. at 201.

6

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days.  More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other states, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules."  Id. at 199-200 (citing Saffold, 536 U.S. at 222-23).  "California, of course, remains free to tell us if, in this respect, we were wrong."  Id. at 200.

In the present case, the state superior court denied Petitioner's January 28, 2008 petition without prejudice. Although King involved the California Supreme Court's denial without prejudice, the same principle applies here and this Court employs King's two-part test.  See Banjo v. Ayers, 614 F.3d 964 (9th Cir. 2010) (employing the King test in case involving two consecutive superior court petitions).

Like in his January 28, 2008 petition, Petitioner alleges ineffective assistance of counsel -- for failing to display surveillance footage at a preliminary hearing -- in his second superior court petition, filed on November 10, 2008.  (Mot. to Dismiss, Ex. 2, 4.)  The November 10, 2008 petition contains more detail regarding Petitioner's defense counsel and attaches the

7

requested surveillance video. Id. It also contains other claims. Even assuming the November 10, 2008 petition is construed as part of the "first 'full round' of collateral review," King, 340 F.3d at 823, the gap between the two superior court petitions is not tolled because the second prong of the King test fails, as discussed below.

The state superior court denied the November 10, 2008 petition on the merits, but it did not discuss timeliness and thus did not provide a clear indication that the petition was timely or untimely pursuant to Evans. (Mot. to Dismiss, Ex. 5.) However, a California court would not have concluded that the November 10, 2008 petition was filed within the "reasonable" delay of thirty to sixty days articulated in Evans.

Taking the entire period as a whole, the eight-month gap between the superior court's March 12, 2008 denial and the filing of Petitioner's November 10, 2008 petition is arguably a period of "unreasonable delay." See Evans, 546 U.S. at 201 (finding six months "far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court" and therefore unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (finding unexplained delays of 115 and 101 days between California habeas petitions were not reasonable). However, Petitioner argues that he did not have access to his case file and the surveillance video from March 27, 2008 through July 8, 2008.[1] Even assuming the

---

[1] The Court will further consider below whether Petitioner is entitled to equitable tolling during the period he did not have access to his case file.

8

three-and-a-half month wait for his case file was reasonable, Petitioner waited from July 8, 2008 until November 10, 2008 -- over four months -- to re-file. Because Petitioner offers no justification for the four-month delay after receiving his case file, the Court finds this delay unreasonable. See Banjo, 614 F.3d at 970 (finding delay of 146 days between successive petitions not reasonable). Because Petitioner fails the second prong of the King test, he is not entitled to statutory tolling for the gap between his two superior court petitions.

As mentioned above, Petitioner waited 364 days before pursuing collateral relief and only one day remained before the statutory limitations period expired.[2] As explained above, Petitioner is only entitled to statutory tolling of the limitations period during the time his first superior court petition was pending until it was denied on March 12, 2008. Thereafter, Petitioner had only one day, or until March 13, 2008 to file his federal habeas petition.[3] Because Petitioner filed his federal habeas petition on July 21, 2009 -- more than a year after the statute of limitations had expired -- his petition is untimely unless he is entitled to equitable tolling.

---

[2] Petitioner has failed to explain his delay in filing his state superior court habeas petition or to claim that he is entitled to equitable tolling at any time during this delay; therefore, the Court need not address this issue.

[3] Petitioner is not entitled to statutory tolling during the pendency of his second superior court petition, his appellate court petition, or his state supreme court petition under Section 2244(d)(2) because the limitations period had already run on March 13, 2008. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period).

9

II. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the eight-month gap between his two superior court petitions because his untimeliness was caused by extraordinary circumstances beyond his control. (Opp'n at 4-6.) Petitioner claims that because his trial counsel was in possession of the case file until July 8, 2008, he could not file a timely second superior court petition. Id. Petitioner also argues his file contained "several cd-roms" which he was "repeatedly denied . . . forcing [him] to resubmit the [superior court] petition without certain knowledge of what is actually in the discs." Id. at 5.

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

10

2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

A habeas petitioner cannot be expected to "'prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (quoting Spitsyn, 345 F.3d at 801). However, the grounds for granting equitable tolling are "highly fact dependant." Lott, 304 F.3d at

11

923.  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Nor do "ordinary prison limitations on . . . access to the law library and copier" constitute extraordinary circumstances or make it impossible to file on time.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

Here, as mentioned above, Petitioner received his case file from his trial counsel on July 8, 2008.  Arguably, Petitioner could not prepare a "meaningful" superior court petition without the file.  See Espinoza-Matthews, 432 F.3d at 1027.  Specifically, Petitioner would have not been able to re-file his superior court petition until he had access to the surveillance video from his case file.  Therefore, Petitioner is entitled to equitable tolling from March 12, 2008, when the state superior court denied his petition, until July 8, 2008, when his trial counsel mailed his case file.  The record shows Petitioner waited another four months before re-filing his superior court petition.  Petitioner does not show "any causal connection" between his lack of access to the "cd-roms" from his file and his inability to file a timely petition.  Gaston, 417 F.3d at 1034.  Petitioner's lack of access

12

to "cd-roms" in his file did not delay the filing of his second superior court petition.  His primary need for the case file was to gain access to the surveillance video, not to discover more information on these "cd-roms."  Therefore, Petitioner is not entitled to further equitable tolling after he received his case file on July 8, 2008.  Therefore, since Petitioner had only one day remaining to file a timely petition, the limitations period expired the following day on July 9, 2008.

In sum, the one year limitations period ran 364 days from January 28, 2007 until January 28, 2008, when Petitioner filed his habeas petition in the state superior court.  Petitioner is entitled to statutory tolling from January 28, 2008 until the state superior court denied his petition on March 12, 2008. Petitioner is not entitled to further statutory tolling after March 12, 2008 because the eight-month gap between the two superior court petitions was not reasonable.  Petitioner is entitled to equitable tolling from March 12, 2008 until the date he received his complete case file on July 8, 2008; however he is not entitled to any further equitable tolling for his lack of access to "cd-roms."  Thus, the limitations period expired on July 9, 2008.  Accordingly, the present petition filed on July 22, 2009 -- more than a year later -- is untimely.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition as untimely; the petition is hereby DISMISSED with prejudice.

Further, a certificate of appealability is DENIED.

Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

    The Clerk of the Court shall terminate all pending motions and shall enter judgment and close the file.

    This Order terminates Docket no. 19.

    IT IS SO ORDERED.

DATED: 3/7/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSE L. MURILLO,

        Plaintiff,

v.

KELLY HARRINGTON et al,

        Defendant.

Case Number: CV09-03346 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Murillo F-22712
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: March 7, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

15